car to pass him, and that another of plaintiff's witnesses positively and emphatically swore that defendant's south-bound car traveled 200 feet in one second. The little reliable testimony as to the cause of the accident furnished on plaintiff's part was clearly outweighed by the evidence of defendant's witnesses. We think the motion for a nonsuit should have been granted.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.

---

### AMERICAN BOX MACH. CO. v. BOLNICK.

(Supreme Court, Appellate Term. October, 1901.)

AGENCY—EXISTENCE OF RELATIONSHIP—PROOF.

> In an action to recover an amount agreed to be paid as the difference in value in an exchange of personalty, defendant's husband testified that he represented her in the transaction, and there was no other evidence of his agency. *Held*, that under the rule that agency cannot be proven merely by the declarations of the alleged agent the proof of the agency was insufficient to charge the defendant.

Appeal from municipal court, borough of Manhattan, First district.

Action by the American Box Machine Company against Esther Bolnick. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and McADAM and GILDER-SLEEVE, JJ.

Isidor Cohn, for appellant.
R. Emmet Doherty, for respondent.

FREEDMAN, P. J. It is alleged by the plaintiff in this action that it delivered to the defendant a No. 2 box-covering machine, receiving in exchange therefor a No. 0 box-covering machine and a promise to pay the sum of $25 as the agreed difference in value between the two machines, and this action is brought to recover such sum. The agreement for the exchange of the machines and the alleged promise to pay the said difference were made by the plaintiff's agent with one Henry Bolnick, and the only testimony in the case to connect Esther Bolnick, the defendant, with the transaction, is the testimony of Henry Bolnick to the effect that he was the husband of Esther Bolnick, that Esther Bolnick was the proprietor of the Empire Box Company at the time the exchange of the machines was made, and that in making the exchange of the machines he (Henry) acted as the representative of the Empire Box Company. Under the well-known rule that agency cannot be proven by the naked declarations of the alleged agent, this was clearly insufficient to charge the defendant. The defendant's counsel moved at the close of the plaintiff's case and at the close of the whole case for a dismissal of the complaint upon this ground, which motions were denied. The judgment is erroneous, and must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.